PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN MARTÍNEZ LEÓN, Defendant and Appellant.

No. 6080. Argued November 17, 1936.—Decided December 22, 1936.

*Raúl Colón* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

Juan Martínez León was accused of an infringement of Section 372 of the Penal Code inasmuch as he had appropriated to his own use or to the use of someone else the sum of $88.48 belonging to The People of Puerto Rico which was thereby defrauded. After a trial a jury brought in a verdict of guilty. The defendant filed a motion for a new trial which was overruled and the court sentenced him to one year in the penitentiary.

Examining the record and the errors, the principal defense raised by the appellant was that the appropriation had not been sufficiently shown. We have an imperfect record before us in which for defendant's purposes only the testimony of the Government was transcribed. The particular theory of the defendant is that the money was not appropriated but deposited by him in the name of the Insular Telegraph Bureau in the Roig Commercial Bank. The defendant was in charge of the Telegraph office in Juncos, Puerto Rico. Under the system of accounting in force in that bureau, a person in the position of the defendant is required to report each month the amounts that he has received, owing from various corporations, firms or individuals. The amounts here involved were received but not so reported.

A deposit in a bank more or less under the control of the person making the deposit proves little or nothing. The fact

was that the defendant received the moneys claimed to be appropriated and made no return thereof in the usual manner. The Government has blank number 202 wherein money actually received by a person like the defendant should be set forth. There is no doubt but from the evidence the jury had a right to believe that the defendant had received $88.48 and had not accounted therefor. This was a conversion unless the defendant could show some justification, which the record before us does not display.

■ The first assignment of error is that the court erred in overruling a motion for a new trial. If that motion be examined it will be seen that in essence it attacks the instructions of the court more or less on the following ground:

"PARAGRAPH A.—The court erred in the instructions to the jury.

"Considering the instructions given to the jury by Judge Rafael Arjona Siaca as a whole, it clearly appears that the court gave the instructions to the jury with reference to the evidence presented, but without setting forth in those instructions that for the conviction of the defendant it was an indispensable requisite that he should have fraudulently, maliciously and criminally appropriated to his own use the sum of eighty-eight dollars and forty-eight cents."

In other words, maintaining on the grounds already indicated that there was no conversion. The mere fact that the defendant did not put the money immediately into his pocket but deposited it as we have said, did not relieve him from an act of conversion. The fiscal discusses this more at large, but it is unnecessary to give it any great consideration for two reasons, first, because the court was given no opportunity to correct its instructions, and second, because of the incomplete record.

■ The other assignments of error relate to the admission of evidence and were either harmless or the matters complained of practically confessed by the appellant. For example, the defendant objected to the attempt by the Government to show a payment to the Insular Telegraph by Javier Mulero when the fact was that Javier Mulero as

such owed nothing. However, it transpired that his firm did, and the check of Mulero was endorsed by the defendant. Even if there had been no appropriation of the particular amount involved, the defendant would have been guilty still of converting a substantial amount from The People of Puerto Rico.

■ As bearing on the whole facts of this case it may be said that the testimony of defendant's witnesses at the trial has been entirely omitted. Indeed, we only know some of the foregoing facts from the instructions of the trial court and the concessions of the fiscal. Perhaps if we found some glaring error in the action of that court we might in a proper case remand it for a new trial. It is a general principle that the failure to transcribe important evidence militates against an appellant and the ordinary presumptions would be against him. It can easily happen that the other side may have fortified or even developed its case by the answers of the appellant's witnesses or brought out the truth on cross-examination.

The judgment should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.